## (July 13, 1964)

■ In the Matter of the Claim of ALBERT EBERHARDT, Respondent, v. SONSADE REALTY CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. The employer and carrier appeal from a decision of the Workmen's Compensation Board which found that the claimant sustained an industrial accident; that the board had jurisdiction of the claim and that the carrier had ample time to develop its case. The claimant on October 24–28, 1960 was superintendent of employer's apartment house located at 666 W. 188th Street, New York City, and described his working duties as "care of the old coal furnace, supplying steam for 59 apartments, shoveling coal, taking out the ashes, make repairs besides of firemans-work". During this period he experienced pain in his chest and when it became more severe, on October 28 he consulted Dr. Lewy, who diagnosed his condition as angina syndrome, and advised him not to return to work but to take a long rest. The claimant testified by interrogatories taken in Germany that he reported the incident to Mr. Grossman, president of the corporation, who, when testifying, denied such knowledge albeit he admitted that about two weeks before the claimant left the employment, arrangements were made by him for the claimant to be relieved of shoveling coal. On November 14, 1960 the claimant, at the suggestion of his doctor, filed a claim for disability benefits which subsequently was rejected on the ground that no benefits were payable for any period of disability caused by employment and advising that the claimant should file with the employer's workmen's compensation carrier. Shortly thereafter the claimant and his wife went to

Germany where they were still residing at the time of the decision. Dr. Lewy sent a medical report to the disability carrier by letter dated December 6, 1962 and a report to the Workmen's Compensation Board dated December 21, 1962. At this juncture of the proceedings there appears little doubt that the board had jurisdiction and could factually find an industrial accident and causal relationship. On January 11, 1961 notice of controversy was sent by the carrier to the board. In October, 1961 the case was adjourned, the parties were directed by the board, pursuant to section 121 of the Workmen's Compensation Law, that claimant's testimony would be taken by interrogatories and were requested to prepare the same. On January 8, 1962 and again on February 8, 1962 the board wrote the carrier stating that interrogatories had been propounded by the claimant's attorney and requesting the submission of cross-interrogatories. In March the carrier wrote the board, advising that it was having an investigation conducted in Germany and finally on August 1, 1962 — after depositing $50 to defray the expenses of taking and transcribing the claimant's testimony — advised that it would prepare interrogatories upon receipt of the claimant's direct testimony. The depositions (interrogatories) of the claimant and his doctor were taken on September 27, 1962. At a hearing on January 18, 1963 the carrier, apparently having reconsidered the matter, objected to further proceedings without having the claimant personally present, which was denied by the referee. Two doctors then testified at the hearing on behalf of the claimant and stated his disability was causally related to the work performed for the employer in October, 1960. In our opinion, the substantial issues in a Workmen's Compensation case are accidental injury arising out of and in the course of employment and causal relationship. The position taken by the carrier on this appeal is untenable. It is elementary that the board had continuing jurisdiction of the claim from the time of the accident which occurred in New York, the claimant and employer being residents of New York, and subsequent events did not divest the board of its jurisdiction. We have previously determined that when the accident occurred in New York and the claimant was a nonresident, the board had jurisdiction. (*Matter of Braune* v. *Haas,* 13 A D 2d 875.) The carrier could have submitted cross-interrogatories up to September 27, 1962 when the claimant's deposition was taken and refused to do so. The carrier's tactics would have resulted in waiver under rule 126 of the Rules of Civil Practice (now CPLR 3109) which governed the manner of the taking of the interrogatories. (Workmen's Compensation Law, § 121.) Under the circumstances we cannot say that the board's finding that the carrier had ample time to develop its case was unreasonable and its consequent refusal to reopen the case, either by allowing the appellant to serve cross-interrogatories or to direct claimant to return to this country to testify, was improper. (*Matter of Matthews* v. *General Elec. Co.,* 2 A D 8d 623.) Decision affirmed, with costs. Gibson, P. J., Reynolds, Aulisi and Hamm, JJ., concur.